# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA HARRISON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:17-cv-752-TWP-DML |
| ) | |
| MR. KEITH BUTTS, Superintendent, New Castle, ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

This matter is before the Court on Respondent's Motion to Dismiss. (Filing No. 9). Petitioner Joshua Harrison filed this action for a writ of habeas corpus. (Filing No. 1). Having read and examined such pleadings and the record, the Court finds that the Motion to Dismiss should be **granted** and Harrison's petition for a writ of habeas corpus must be **denied**. In addition, a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

## I. DISCUSSION

1. Harrison is an Indiana state prisoner serving two concurrent twenty year sentences for Robbery. At the time these sentences were imposed, Harrison was denied credit time through and including August 23, 2007. Harris is not challenging the loss of credit time in relation to a disciplinary action, rather he is challenging the loss of credit time on the executed portion of concurrent sentences imposed on April 16, 2008 following his convictions for Robbery.

2. Prior to application for a writ of habeas corpus, a person in state custody must exhaust all the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted).

3. Harrison's claim in this action is that the denial of credit time just described was improper and that the denied credit time should be awarded to him.

4. Harrison could have raised this issue in an appeal, but did not do so. Nonetheless, he may be able to do so through an action for post-conviction relief filed in the trial court. That path remains open to him and constitutes a meaningful remedy for purposes of satisfying the exhaustion requirement of the federal habeas statute. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

## II. CONCLUSION

Harrison failed to exhaust his available state court remedies prior to filing this action. The respondent argues that the circumstances described herein show both a failure to exhaust and a procedural default. Because Harrison has a meaningful remedy available in the form of an action for post-conviction relief—although this Court offers no opinion as to whether such an effort could or would be rejected on procedural grounds under state law—the filing of this action was premature. Accordingly, the Motion to Dismiss is **GRANTED** (Filing No. 9) and the Petition for Writ of Habeas Corpus is **DENIED** and dismissed without prejudice for failure to exhaust.

Judgment consistent with this Entry shall now issue.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

SO ORDERED.

Date: 5/22/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOSHUA ALLEN HARRISON
132627
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362